[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 499.]

OFFICE OF DISCIPLINARY COUNSEL *v.* RICHARDSON.

[Cite as *Disciplinary Counsel v. Richardson,* 2002-Ohio 2484.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct adversely reflecting on fitness to practice law—Withdrawing from representation without promptly refunding unearned advance fee— Neglect of an entrusted legal matter—Failing to carry out contract for professional employment—Failing to promptly deliver to client funds or property to which client is entitled—Neglecting or refusing to assist or testify in a disciplinary investigation—Failing to register with Supreme Court—Failing to meet continuing legal education requirements.*

(No. 2001-2220—Submitted February 27, 2002—Decided June 12, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-31.

————————————

**Per Curiam**.

{¶1} In April 2001, relator, Disciplinary Counsel, filed a complaint charging that respondent, Eric N. Richardson of Cleveland, Ohio, Attorney Registration No. 0060060, while representing Theresa Brown and her estranged husband, Michael Brown, in 1998, violated several provisions of the Code of Professional Responsibility. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶2} The parties waived a hearing, and the panel found based upon joint stipulations that in early 1998, respondent agreed to represent Theresa Brown with respect to a claim arising out of an automobile accident. Respondent and Theresa Brown agreed on a contingent fee, but respondent did not put the agreement in

writing nor confirm his representation of her in writing. In May 1998, respondent conveyed a settlement offer of $8,000 to Theresa Brown and said that he would receive his fees and pay her medical bills from the settlement. Respondent gave Theresa Brown the balance of the settlement due to her but did not pay the medical bills. After the unpaid medical providers contacted Theresa Brown in 2000, she was unable to contact respondent. She complained to relator, whose attempts to reach respondent were also unsuccessful. Respondent did not honor a subpoena duces tecum, which relator caused to be served upon him.

{¶3} The panel also found that in April 1996, respondent agreed to represent Michael Brown with respect to injuries arising out of the automobile accident. Again, respondent entered into a contingent fee agreement that he did not memorialize in writing. In May 1998, respondent told Michael Brown of a settlement and said that he would pay Michael Brown's medical bills from the proceeds. Respondent failed to pay the medical bills, and after respondent assured Michael Brown that the bills would be paid, Michael Brown could not contact respondent. Michael Brown complained to relator, who also could not contact respondent.

{¶4} The panel also found that respondent failed to register with the Supreme Court of Ohio in September 1999, as required by court rule. In April 2000, we suspended respondent from the practice of law for failing to meet his continuing legal education requirements. *In re Report of Comm. on Continuing Legal Edn.* (2000), 88 Ohio St.3d 1468, 726 N.E.2d 1006. The panel also found that respondent failed to pay the required attorney registration fee to the Clerk of the Supreme Court in September 1999 and has not paid any registration fee since then.

{¶5} Respondent stipulated and the panel concluded that in his representation of Theresa Brown and in his representation of Michael Brown, respondent violated DR 1-102(A)(4) (a lawyer shall not engage in conduct

involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 2-110(A)(3) (a lawyer who withdraws from representation shall promptly refund any unearned advance fee), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), and 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled). With respect to respondent's failure to reply to relator's inquiries, the panel found that respondent violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in a disciplinary investigation or hearing) in the Theresa Brown matter and in the Michael Brown matter. The panel further found that respondent's failure to register with the Supreme Court violated Gov.Bar R. VI, and his failure to meet his continuing legal education requirements violated Gov.Bar R. X.

**{¶6}** The panel recommended that respondent be suspended from the practice of law for one year with six months of the suspension stayed provided that respondent make full restitution for the unpaid medical bills and that during the year of suspension he participate in a mentoring program. The board adopted the findings and conclusions of the panel but recommended that respondent be indefinitely suspended from the practice of law in Ohio.

**{¶7}** On review of the record, and in view of respondent's complete failure to comply with our rules regarding cooperation in disciplinary investigations, we adopt the recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Jonathan E. Coughlan, Disciplinary Counsel, and Kevin L. Williams, Assistant Disciplinary Counsel, for relator.

Eric N. Richardson, pro se.

_____